WILLIAM C. SUPPLEE et al.

*v.*

THERESE COHEN et al.

[Submitted March 23d, 1912. Determined April 11th, 1912.]

1. Where a contract for the sale of a city lot provided that the vendors agreed that they would provide that no building should be erected on the lot adjoining the premises sold, on the west, nearer than three feet from the party line, such covenant was not fulfilled by the deed of conveyance, since the vendors' agreement to "so provide" could only be fulfilled by perpetuating the covenant in any deed of conveyance the vendors should thereafter make of the lot adjoining on the west.

2. Where a contract for the sale of a city lot contained a covenant by the vendors that they would provide that no building should be erected on the next west adjoining lot nearer than three feet from the party line, the purchasers were entitled to rely on the vendors' engagement to protect them against the erection of a building on the adjoining lot, in violation of such restriction, without any new engagement for that purpose being made at the time of the passing of the title, in the absence of any evidence that at the time of settlement either party had understood that the covenant was waived.

3. Where defendants covenanted that no building should be erected on a lot adjoining the property sold nearer than three feet from the party line, the term "building" was not limited to the main body of the structure erected on such adjoining lot, but included overhanging bay windows and eaves.

4. Where, in a suit to enforce a building restriction prohibiting the erection of any building nearer than three feet from the party line of the lot conveyed, there was no evidence that either of the parties to the covenant knew that a similar covenant, with reference to another tract of land in the city, had received a popular construction that it did not apply to overhanging windows and eaves, or that they knew that any buildings on such other tract had been so located with bay windows and eaves overhanging the restricted space in such tract, which was three-fourths of a mile distant from the property in question, complainants' right to enforce the covenant was not affected by such popular construction placed on the covenant as to the other property.

5. Complainants' rights under a covenant prohibiting the construction of any building on the adjoining property nearer than three feet from the party line, are property rights in the restricted space and enforceable by injunction, without proof of special damage for violation thereof.

6. Defendants sold to complainants a city lot with a covenant providing that no building should be erected on the next lot adjoining on the west nearer than three feet from the party line. Defendants having commenced the construction of a building on the adjoining lot, notice forbidding encroachment of a bay window and eaves over the line was served before the building was erected, and a bill to enforce the covenant promptly filed. Defendants completed the building and filed a cross-bill to reform the covenant, in which they were not successful.—*Held,* that complainants should not be deprived of a mandatory injunction, requiring the defendants to remove so much of the bay windows and eaves as extended into the restricted space, on the ground that the damage that would be suffered by them in vacating such space would be disproportionate to the benefits accruing to the complainants.

Final hearing on bill for injunction.

The bill seeks the enforcement of a restrictive building covenant. The covenant which complainants seek to enforce is found in a written agreement wherein defendants agreed to sell

to complainant William C. Supplee a certain house and lot, and among other things covenanted that no building should be erected on vendors' adjoining lot nearer than three feet from the line which separated the two lots. Pursuant to the agreement of sale defendants subsequently conveyed the lot to complainant Helen F. Supplee, who is the wife of William C. Supplee, the conveyance being made to the wife at the request of her husband. In the deed of conveyance no covenant was inserted touching the engagement of defendants not to build within three feet of the line between the property sold and the property retained. Subsequently defendant Therese Cohen erected a dwelling upon the lot retained by her in such manner that while the foundations and main body of the buildings are three feet distant from the division line between the two lots, an overhanging bay window and the eaves of the house project to a point less than three feet from that line. The decree now sought is to compel defendants to remove the overhanging bay window and eaves, or to remove the building so that no part of the eaves and bay window will be nearer than three feet from the division line between the two lots.

*Mr. James H. Hayes, Jr.,* and *Mr. Ulysses G. Styron,* for the complainants.

*Messrs. Bourgeois & Coulomb,* for the defendants.

LEAMING, V. C.

The covenant contained in the agreement of sale, which covenant complainants now seek to enforce, is as follows:

"And further, the parties of the first part do hereby agree to and with the party of the second part that they shall so provide that no building shall be erected upon the lot adjoining said premises on the west, nearer than three feet from the party line between said lots."

Defendants urge that the deed of conveyance which was made pursuant to the agreement of sale was necessarily operative to discharge all obligations arising under the agreement of sale. I am unable to adopt that view. That effect should only be

given to such stipulations in the agreement of sale as could be appropriately discharged by the deed of conveyance. By the agreement of sale defendants agreed to "so provide" that no building should be erected on the adjoining lot in the manner stated. That engagement could not be fulfilled or its fulfillment appropriately secured by a clause to the same effect in the deed of conveyance to complainant. The engagement was, in effect, that defendants would not at any time build upon the adjoining lot contrary to the manner specified, and would prevent their grantees from so doing. A covenant in the deed of conveyance to complainants would not have been operative to prevent a grantee of defendants' adjoining lot from building contrary to the covenant, for a grantee of that lot would not be charged by the record with notice of a covenant in complainants' deed. An appropriate method of perpetuating the covenant ·contained in the agreement of sale would be by a covenant in any deed of conveyance defendants should thereafter make of the adjoining lot owned by them. I am convinced that complainants were entitled to rely upon defendants' engagement to protect them against the erection of adjoining buildings without any new engagement for that purpose being made at the time of the settlement, in the absence of any evidence to the effect that at the settlement either party understood that the covenant in question was waived.

By a cross-bill defendants seek to have the covenant in question reformed, alleging that the real agreement between the parties touching the location of any building thereafter to be built on defendants' lot was with reference to the main body of such building and did not include a restriction against an overhanging bay window or eaves. The evidence is clearly insufficient to justify a decree of reformation.

It is also contended in behalf of defendants that even though the covenant should not be reformed the restriction touching the distance the "building" should be erected from the line must be understood to refer to the main body of the building and not to overhanging bay windows or eaves. I am unable to adopt that view. The covenant is that no building shall be erected nearer than three feet from the division line. The language

used is entirely clear and exact and certain in its meaning, and in the absence of some circumstance sufficient to disclose that the parties used the language adopted by them in a restricted sense the covenant must be understood in accordance with the natural import of the language used. When a person covenants that he will not erect a building within a specified distance from the line between his property and the adjoining property he necessarily covenants that he will not erect any part of a building within the distance named; to read into such a covenant a reservation that it shall apply only to the main body of the building and shall not apply to projecting bay windows or eaves is clearly without justification unless circumstances exist to warrant the conclusion that such a reservation was intended by the parties. Covenants of this nature are uniformly recognized as designed to afford a given space for air, light and view; an occupancy of the restricted space in the manner already stated is necessarily a violation of the terms and spirit of the covenant. As hereinbefore stated the natural import of the language "that no building shall be erected  *  *  *  nearer than three feet from the party line" is that no part of a building shall be so erected. That view has heretofore received the sanction of this court and of the court of errors and appeals in *Hemsley* v. *Mar l-borough Hotel Co.,* 65 *N. J. Eq.* (*20 Dick.*) *167; S. C.,* 68 *N. J. Eq.* (*2 Robb.*) *596, 601; Wahl* v. *Stoy,* 72 *N. J. Eq.* (*2 Buch.*) *607.* In these cases bay windows which overhung a restrictive building line were regarded as violations of a covenant that no building should be erected nearer than a specified distance from a given line.

It is also urged in behalf of defendants that circumstances exist which disclose that the parties to the covenant here in question used the term "building" with the mutual understanding that bay windows and eaves projecting over the restricted space were not to be regarded as in violation of the covenant. As already stated, the evidence failed to disclose any mistake of the parties in the execution of the agreement. But it is urged that certain other similar covenants in Atlantic City have been heretofore treated as not applying to bay windows and eaves which overhang restricted spaces, and the claim is made that it must

now be held that the present parties adopted the language of the covenant here in question with a like purpose in mind. In support of this contention it is shown that a certain tract of land known as the "Chelsea Tract" has been subjected to a covenant requiring all buildings to be located not less than five feet from the side lines of lots, and on that tract there existed at the date of the covenant here in question one hundred and ninety-five buildings; of these ninety-eight had bay windows projecting over the restricted spaces and one hundred and eighty-six had eaves so projecting. There is no evidence in this case that establishes the fact that either of the parties to the present covenant knew that the Chelsea covenant had received a popular construction of the nature referred to, or even knew that any buildings on that tract were so located that bay windows or eaves overhung the restricted spaces. The part of the Chelsea tract nearest the premises here in question is three-quarters of a mile distant. I think it is entirely clear that the covenant here in question can be in no way affected by any possible popular construction which the Chelsea property holders may have given to a similar covenant. It would seem that the most that can be said touching the Chelsea covenant is that the property holders in that district have not seen fit to enforce it.

It is also contended in behalf of defendants that complainants are not materially injured by the encroachment complained of. The projecting bay window extends but seventeen inches and the eaves but sixteen inches over the restricted space. The distance from the nearest part of defendants' building to complainants' building is thirteen feet eight inches. Under these circumstances, it is obvious that no considerable damage is being suffered by complainants by reason of the encroachments. But in cases of this class it is unnecessary for complainants to prove that damage is sustained by them. *Kirkpatrick* v. *Peshine, 24 N. J. Eq. (9 C. E. Gr.) 206, 216; Morrow* v. *Hasselman, 69 N. J. Eq. (3 Robb.) 612, 615*. The rights which accrue to complainants under a covenant of this nature are property rights in the restricted space. It may be that at this time the space between the two buildings is adequate to afford such light, air and view that complainants suffer no present inconvenience; but com-

plainants may desire at some future time to utilize that part of their lot, now vacant, between their present building and the line which separates the two lots. In such case the present encroachment of defendants' building over the restricted space would clearly be operative to materially lessen the enjoyment by complainants of the light, air and view which they would enjoy with defendants' building located pursuant to the covenant. The continued occupancy by defendants of the restricted space will, in time, ripen into an adverse right. Without the relief afforded by the remedial process of this court complainants could only prevent defendants' use of the restricted space ripening into a right by successive suits at law for damages essentially nominal in amount. It is for these reasons that a court of equity is obliged to afford relief in a case of this nature even though no considerable damage is presently suffered by complainants.

Nor can it be here appropriately contended by defendants that the damages which will be suffered by them in vacating the part of the restricted space which they now occupy will be disproportionate to the benefits accruing to complainants. Notice forbidding the encroachment was served on defendants by complainants before the building was erected and the present bill was promptly filed. Defendants have completed their building, well knowing of complainants' claim and in the face of the present bill. A preliminary writ of injunction was refused because of a cross-bill filed by defendants to reform the covenant. Under these circumstances, defendants cannot now reasonably complain of the loss they may sustain in being compelled to comply with their covenant.

At the time the bill was filed another structure had been erected by defendants upon the restricted space in the nature of a "spite" fence some ten feet in height. Defendants now concede that that structure was in violation of the covenant and have removed it. The writ to be issued need not, therefore, have reference to that structure.

I will advise a decree for a mandatory writ of injunction requiring defendants to remove so much of the bay window and eaves of their house as are less than three feet from the division line which separates the lots of complainants and defendants.