JOSEPH HIRSCHBERG

*v.*

BENJAMIN FLUSSER.

[Decided June 21st, 1917.]

1. A court of equity will enjoin continuous trespass where the injury is irreparable, and will issue a mandatory injunction where the legal right is settled, if equitable considerations do not prevent, and if the remedy obtained at law be not adequate.

2. *D. L. W.* v. *Breckenridge, 55 N. J. Eq. 141, Boyden* v. *Bragaw, 53 N. J. Eq. 26,* and *Colloty* v. *Stein, 80 N. J. Eq. 405,* distinguished.

3. The question of laches in this case is not determined.

4. After a suit in ejectment in which it has been determined that defendant has encroached upon complainant's land by building a wall thereon, and it appears that the wall cannot be removed without danger of damage to defendant's property, a mandatory injunction may be granted by a court of equity to compel defendant to remove the encroachment.

On motion to strike out.

*Mr. Philip J. Schotland,* for the complainant.

*Mr. Samuel Roessler,* for the defendant.

LANE, V. C.

This is a motion to strike out a bill. The bill alleges that complainant is the owner of certain property; that defendant, who is the owner of adjoining property, on or about May 3d, 1911, intending to build an addition to his building, excavated to a depth of twenty-four feet, and in so doing excavated a portion of complainant's property substantially twenty-six feet five inches by nine inches; that defendant then proceeded to build on his own land and also on the land of complainant his foundation and side wall up to the level of the ground, but that above the level of the ground the defendant continued with his building on his own land; that about the 3d day of July, 1911, complainant brought suit in the New Jersey supreme court to recover possession of the land occupied by defendant's foundation and side wall below the level of the ground, and on the 25th day of September, 1913, procured a judgment against the defendant, and it was therein found that the complainant was entitled to recover the possession of the premises referred to in the bill of complaint; that the defendant did not remove the foundation wall or side wall, and the complainant has been unable by means of execution to get the sheriff of the county of Essex to remove such encroachment because a large part of the wall which encroaches on the complainant's land is built with stones so large that they not only encroach upon complainant's

land but extend into and form part of the wall of defendant's building on defendant's land, and it is impossible to remove the part that encroaches without trespassing upon defendant's land and injuring his building.

I assume that the bill may be considered as charging that the complainant actually issued execution and that the sheriff has failed or refused to remove the encroachment. The motion to strike out is based upon, first, that there is an adequate remedy at law, and second, that there is laches. It is insisted by the defendant that the complainant by virtue of the judgment in ejectment has been awarded the possession of the property in dispute and may remove whatever may be thereon; further, that he may compel the sheriff, if the nature of the defendant's property on the land in question is such that it may be removed, to remove it and to put him in an actual physical possession of the soil as it was prior to defendant's interference with it; that the sheriff may, however, require indemnity, and if any part of the defendant's building is injured by the action of the sheriff acting under the writ, the complainant will be responsible; and, finally, that if the nature of the property of the defendant upon the land of complainant is such that it may not be removed without injuring defendant's property, then the complainant is entitled only to constructive possession. Where the injury is irreparable this court will enjoin continuous trespasses. In cases where the fundamental right of the complainant to equitable relief depends upon legal title in dispute the court of errors and appeals has said that it is the duty of the court to retain the bill and to send the complainant to law so that the legal title may be settled. *Todd* v. *Staats, 60 N. J. Eq. 507,* and cases following, the complainant in the meantime proceeding with the building at his peril. The logical result of *Todd* v. *Staats* is that the legal right having been settled in favor of the complainant a mandatory injunction will go to compel the defendant to remove the offending structure if equitable considerations do not prevent and if the remedy obtained at law be not adequate. In *Stanford* v. *Lyon, 37 N. J. Eq. 94,* Vice-Chancellor Van Fleet held that the court would grant a mandatory injunction compelling defendants to remove por-

tions of buildings erected by them which prevented complainant, from exercising rights in a yard. The court of errors and appeals, in *42 N. J. Eq. 411,* modified the decree so as to define the complainant's rights as they were defined in an action at law which he had previously brought against the defendants and in which his rights had been determined. The court of errors and appeals did not question the power of the court of equity to, after the right had been settled at law, protect the right by mandatory injunction if that were necessary. The first head of equitable jurisdiction stated in *Hart* v. *Leonard, 42 N. J. Eq. 416,* is that of cases where the legal right has been established in a suit at law and the bill in equity is filed to ascertain the extent of the right and enforce or protect it in a manner not attainable by legal procedure. And see the sixth and ninth head. In *Hailsch* v. *Duffy (1914, Delaware), 92 Atl. Rep. 249,* the chancellor, in a case in which an injunction was prayed against defendant enjoining him from asserting a right of air and light over complainant's land and compel the removal of a structure which interfered with complainant's rights, held that a court of equity had the power to grant such relief prior to the determination of the right at law. He said, referring to *Herr* v. *Bierbower, 3 Md. Ch. 456:* "The court considered that it was no answer to say that by suit in ejectment the complainant would recover possession of the land encroached upon and would so get any wall or building erected on the land so recovered. The structure would still remain, and in order that the complainant be restored to the full use of his land, it would be necessary that the wall or structure be removed." He further said: "This equitable jurisdiction is probably based not on the irreparable character of the damage by the aggression, nor to relieve the necessity of multiplicity of suits as if it were a continuous trespass. The right to a mandatory injunction to require the removal of the encroachment on land is based on the peculiar nature of the right invaded and the subject-matter affected, viz., land." I am inclined to think that the jurisdiction is in the last analysis based upon the impossibility of securing at law any adequate relief for the damage done, either by ejectment or by numerous suits in trespass. In *Baron* v.

*Korn, 127 N. Y. 224*, opinion by Parker, judge, the New York court of appeals in an action to restrain the erection of a portion of a building on land of complainant said: "Assuming plaintiffs' title to be established, the authority of the court in a suit in equity to interfere and prevent an appropriation of their lands to the use of another for building purposes cannot be longer questioned, not only for the purpose of avoiding multiplicity of actions, but also because they are without adequate remedy at law. * * * The sheriff might not regard it as his duty to deliver possession by taking down the wall, which would burden him with the risk of injury to other portions of defendant's building, not included within the nine inches. (It is to be observed that the amount of land involved in that case was almost precisely what it is in this, at least so far as width is concerned.) But in equity the obligation to remove can be placed directly on the parties who caused the wall to be erected."

The court did not consider the question as to whether it was necessary that the title should first be determined at law, holding that the question had not been properly raised. Upon the authority of the foregoing cases, I think that the bill may be maintained. The title and right of complainant has been settled at law. The law courts are not by reason of the nature of their processes able to give complete and adequate relief. Neither the sheriff nor the complainant should be compelled to take the risk, on removal of this structure, of injuring property of the defendant. To give the complainant constructive possession is no remedy at all, he has always had that. To remit him to actions for trespass will not afford adequate relief. He is entitled to the enjoyment of the land in the position it was before the defendant encroached upon it. It is only by the process of mandatory injunction that the obligation to remove, in the language of the New York court, can be placed directly on the party who caused the wall to be erected. The case of *D. L. W. v. Breckenridge, 55 N. J. Eq. 141; affirmed, 55 N. J. Eq. 593*, is not in conflict with this holding, nor are the cases of *Boyden v. Bragaw, 53 N. J. Eq. 26*, and *Colloty v. Stein, 80 N. J. Eq. 405*. In the first, Vice-Chancellor Emery, in dealing with an

application for an injunction directing the removal of certain water pipes, did say that the equitable remedy could give no different relief from the execution in ejectment, but the inability to execute the execution without danger to complainant was not considered by him, moreover, the effect of his order was merely to retain the cause until the legal title had been settled at law. In the second, Vice-Chancellor Bird held that there was an adequate remedy at law, to wit, damages measured by what it would cost the complainant to remove the offending monument and put the land back in the condition it was before the erection. Such relief cannot be granted here. In the third, Vice-Chancellor Leaming merely held that prior to determination of the legal title at law equity would not intervene to prevent the erection of a building alleged to encroach on complainant's lands.

Second, on the question of laches. Whether the complainant has been guilty of laches depends, I think, upon a consideration of facts which are not before the court upon the present motion. The bill alleges that the construction was started on or about May 3d, 1911, and that the ejectment suit was started on or about July 3d, 1911, two months afterward. When the complainant knew of the encroachment is not disclosed. Nor is it disclosed to what extent the building had progressed at the time of the ejectment suit. By the commencement of the ejectment suit defendant had notice of the claim of complainant's right. The suit was not brought to judgment until September, 1913. Whether that was the fault of complainant or because of necessary delay in court is not disclosed. This bill was not filed until May 8th, 1917. Whether this delay was occasioned by the complainant endeavoring to obtain relief at law is not disclosed. It may very well be assumed, I think, that no injury occurred to the defendant between September, 1913, and March, 1917, as the building had unquestionably been fully completed. Whether it was the duty of the complainant to file a bill in equity at the same time as commencing the suit in ejectment, applying to the court to retain the bill until the right at law had been settled, under the case of *Todd* v. *Staats,* may depend

38

upon circumstances which are not now before me. I will withhold consideration of the question of laches until final hearing.

In view of the fact that if an order is made sustaining the bill, and it is taken to the court of errors and appeals and there affirmed, there will have to be a trial upon at least the question of laches, and the case may then again go to that court, I am inclined to think that the proper order in this case is an order carrying over the motion to dismiss the bill until final hearing.

I wish counsel would communicate with me as to their views on this point.