This bill is filed for a mandatory injunction to compel the removal of encroachments on the complainants' land. When the bill was filed, the defendant Columbus Theatre, Incorporated, was the owner of property adjoining complainants *Page 282 
and had erected thereon a theatre building. This is the building which complainants allege encroaches upon their property. The defendant Lodi American Theatre Company was the lessee of the theatre. After this suit was started, the holder of a mortgage on the theatre property foreclosed and the Lodi American Theatre Company purchased at the foreclosure sale and now owns the property. This mortgage had been created before the theatre was built.
The present suit first came before the court for hearing on April 19th, 1927, and the proceedings were then stayed until title should be determined at law. Thereupon, complainants instituted an action of ejectment in the New Jersey supreme court and in this action established their title to the disputed land, namely, a strip two feet five inches wide by one hundred feet long, upon which is located the most southerly part of the theatre. The remedy at law for this invasion of complainants' rights is inadequate. The sheriff cannot put them in possession and so they are entitled to the aid of this court. Hirschberg
v. Flusser, 87 N.J. Eq. 588; 101 Atl. Rep. 191. No laches or other equities appear which should move the court to refuse its assistance to complainants.
In a suit of this sort, the court does not consider the inconvenience or damage which may result to the defendants from putting the complainants in possession of their property. Complainants cannot be required to part with their land against their will. Supplee v. Cohen, 80 N.J. Eq. 83;83 Atl. Rep. 373. "Upon final hearing, equity courts enjoin according to the rights of the parties regardless of the inconveniences." TribuneAssociation v. Simonds, 104 Atl. Rep. 386.
The encroachment on complainants' property was erected by Columbus Theatre, Incorporated, and the complainants may have an injunction commanding this defendant to remove the encroachment. It appears likely, however, that this defendant is insolvent and that such an injunction will afford the complainants no actual relief. The defendant Lodi American Theatre Company did not erect the building and *Page 283 
has done no act to injure complainants and cannot be compelled to undergo the expense of removing the encroachment. Stevens v.Stevens, 11 Metc. 251; Hodgkins v. Farrington (Mass.),22 N.E. Rep. 73. But it has no title, whether as lessee or as purchaser at foreclosure, to so much of the theatre building as stands on complainants' land, and its title to the rest of the building is subject to such hazards as may result from the removal of the southerly wall of the building.
I will advise a decree that an injunction issue directed to Columbus Theatre, Incorporated, commanding it to remove the encroachment, and providing further, in the event of failure to comply with the injunction within three months after service thereof upon said defendant or its solicitor, that the complainants may themselves remove the encroachment at the expense of Columbus Theatre, Incorporated, or of themselves. In so doing, the complainants shall be under no obligation to protect the balance of the building by erecting a new wall or otherwise. The Lodi American Theatre Company will be enjoined from interfering with Columbus Theatre, Incorporated, or complainants, in the removal of the encroachment.