105 N.J. Super. 263 (1969)
251 A.2d 781
HELEN S. WAGENHEIM AND HARRY H. WAGENHEIM, HER HUSBAND, PLAINTIFFS,
v.
J. TANEY WILLCOX, JR., CATHERINE E. WILLCOX, HIS WIFE, AND ROBERT E. RITTERHOFF, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided April 2, 1969.
*264 Mr. Nathan C. Staller for plaintiffs (Messrs. Staller, Hayman & Gorelick, attorneys).
Mr. W.M. Balliette, Jr. for defendants (Messrs. Cafiero and Balliette, attorneys).
HORN, J.S.C.
Plaintiffs, husband and wife, seek a mandatory injunction to compel defendants Willcox, likewise husband and wife, and their builder Robert E. Ritterhoff, to remove 1.9 feet of a covered porch on the second floor of the Willcox home located on Lot 16, Block 15A, in the Borough of Avalon.
The right to this relief is founded upon a restrictive covenant which reads as follows:
*265 "No building shall be erected which will be closer than twenty-seven feet (27') from the south curb line of 15th Street of the Borough of Avalon."
This covenant was created by David J. Kerr and his wife when they were the common owners and developers of the land in the area involved in this suit. It resulted from the request of plaintiffs when they acquired title to Lot 6, Block 15A in the development. Their agreement of sale stated that seller agreed to create the covenant in order to protect buyers' view of the ocean.
Defendants Willcox acquired Lot 16, Block 15A, situate about 200 feet east of plaintiffs' lands, and therefore lying between plaintiffs' house and the ocean, about two years after plaintiffs' purchase.
According to Mr. Kerr, the purpose of the restriction was not only to protect the view toward the ocean, but also to establish uniformity of and conformity with the set-back.
Defendants Willcox readily admit that measured horizontally their porch extends 1.9 feet within the 27 feet referred to in the covenant. They also admit that they had knowledge of the covenant at the time they acquired title to their premises. They urge, however, that alternatively there is no violation of the covenant, or that this court should deny the relief sought, because (1) the set-back line of 27 feet is the same as that contained in the zoning ordinance; that the covenant was made only to insure conformance with the zoning ordinance and therefore should be construed as the zoning ordinance which permits projections into the space up to two feet; (2) that measuring the leading edge of the floor of the porch on a diagonal line to the curb there is more than 27 feet; (3) plaintiffs are not entitled to relief because this small projection offers practically no obstruction to their view of the ocean and they suffer no harm or damage from its maintenance; (4) the language of the covenant should be construed to except porches from the prohibited space.
*266 I disagree. Apart from the fact that Mr. Kerr, the builder, testified that the number of feet of set-back was selected by him somewhat arbitrarily and not because that was the set-back required by the zoning ordinance (indeed, he testified he thought the zoning ordinance set-back was only 25 feet) the covenant must be interpreted from its own terms and from the facts and circumstances surrounding its creation. Javna v. D.J. Fredricks, Inc., 41 N.J. Super. 353, 358 (App. Div. 1956). The surrounding circumstances disclose no factual or other basis by which one is persuaded to construe the covenant as if it were the zoning ordinance.
Apart from the fact that defendants have not presented any authority for measuring the distance on a diagonal line, such method of measurement is unrealistic and lacks support by any fact in the case. To measure in the fashion suggested by defendants would make the validity of such obstructions depend on their height from the ground, rather than on whether the setback space is invaded. The suggestion therefore is artificial and unreasonable.
Nor can I accept the view that plaintiffs are not entitled to the enforcement of the terms of the covenant merely because allegedly they suffer no injury. Plaintiffs have testified that the projection of 1.9 feet, from their personal observations, has diminished their view to the ocean. In Supplee v. Cohen, 80 N.J. Eq. 83, 88 (Ch. 1912), affirmed 81 N.J. Eq. 500 (E. & A. 1913), defendants likewise contended that a restriction should not be enforced because no damage was proved. The court there said:
"But in cases of this class it is unnecessary for complainants to prove that damage is sustained by them. Kirkpatrick v. Peshine, 24 N.J. Eq. (9 C.E.Gr.) 206, 216; Morrow v. Hasselman, 69 N.J. Eq. (3 Robb.) 612, 615. The rights which accrue to complainants under a covenant of this nature are property rights in the restricted space."
Additionally I conceive that if plaintiffs had failed to object or seek enforcement of their rights, they might be *267 estopped later from claiming their existence or right to enforce us against others similarly affected.
Apart from the foregoing, it seems to me that the integrity of such covenants and contracts in general require parties who purchase with knowledge of same to comply. This is so, especially where, as in this case, defendants do not advance any valid, plausible excuse for the violation. See Gilpin v. Jacob Ellis Realties, Inc., 47 N.J. Super. 26 (App. Div. 1957).
Defendants rely on Ocean City Land Co. v. Weber, 83 N.J. Eq. 476, 477 (Ch. 1914), affirmed in 84 N.J. Eq. 505 (E. & A. 1915) in support of their contention that the language of the covenant must be construed to except porches from its prohibition. In this case the covenant declared "that no building, of any description whatever, shall at any time be erected within ten feet of the front line of said avenue." The court refused to enforce it because the physical surroundings made it confusing as to what street was referred to in the use of the word "avenue." The lower court also stated, at page 478:
"* * * Whether the language above quoted includes covered porches as a part of a building may be said to be within the field of doubt * * * and any uncertainty of meaning of the covenant in that respect further contributes to render its enforcement impossible in this court. * * *"
Cited as authority for this statement were Meaney v. Stork, 80 N.J. Eq. 60 (Ch. 1912), affirmed. 81 N.J. Eq. 210 (E. & A. 1912), and Supplee v. Cohen, supra.
A review of these cases leads me to believe that the quoted statement was too sweeping or must be understood from the perspective of the surrounding facts. Meaney v. Stork, supra, involved a covenant restricting erection of a building within ten feet of the street line. Plaintiff sought to restrain the projection of eaves and steps within the set-back space. During an earlier part of the construction *268 defendant deleted projecting bay windows at the instance of plaintiff, at which time plaintiff failed to object to eaves, although he knew that they would also extend into the space. The court withheld the relief by reason of the estoppel of the complainant. Vice-Chancellor Garrison found that the projection of the steps was not in violation of the covenant as he construed it. He stated specifically at page 67:
"I am of the opinion, on the one hand, that if the front of the building was ten feet from the line of the street and then a covered porch projected from it on to the ten feet, that would be part of the erection of the building, and would violate the covenant."
The affirming opinion withheld approval of this statement because the record showed that there were other buildings in the tract having similar porches and "this fact establishes either a contemporary construction by the parties concerned * * * or an abandonment of the restriction in that respect."
The other New Jersey case cited, Supplee v. Cohen, supra, involved a covenant that no building should be erected upon the lot adjoining complainants' premises on the west nearer than three feet from the party line between the lots. Defendants, in erecting the house, permitted eaves and other parts from and above the second floor level to extend into the area some 17 inches. The Court of Errors and Appeals affirmed the judgment granting a mandatory injunction requiring defendants to remove the protrusions. Defendants had contended that the restriction touching the distance the "building" should be erected from the line must be understood to refer to the main body of the building and not to overhanging bay windows or eaves. The court rejected that argument, saying (80 N.J. Eq. 83, 86):
"The language used is entirely clear and exact and certain in its meaning, and in the absence of some circumstance sufficient to disclose that the parties used the language adopted by them in a restricted sense the covenant must be understood in accordance with the natural import of the language used."
*269 And at page 87:
"* * * to read into such a covenant a reservation that it shall apply only to the main body of the building and shall not apply to projecting bay windows or eaves is clearly without justification unless circumstances exist to warrant the conclusion that such a reservation was intended by the parties."
See also Hemsley v. Marlborough Hotel Co., 65 N.J. Eq. 167 (Ch. 1903), reversed on other grounds Hemsley v. Marlborough House Company, 68 N.J. Eq. 596 (E. & A. 1905), and Wahl v. Stoy, 72 N.J. Eq. 607 (ch. 1907).
In Loudenslager v. Pacific Improvement Company, 93 N.J. Eq. 218 (E. & A. 1921) the restrictive covenant provided that private dwellings only should be built on the lots referred to, and that no portion of any building should be erected on the lots within three feet of the rear dividing line of any lot, nor, except porches and steps, within 18 feet of the front property line. The court said, at page 219:
"* * * I am unable to discern any difference between building parts of a hotel on and extending parts of a hotel building over a tract of land on which a hotel cannot be built; nor am I able to discern, except in degree, any difference between extending parts of a hotel over land on which a hotel cannot be built ten inches and ten feet. * * *"
I have considered Gilpin v. Jacob Ellis Realties, Inc., supra, which dealt with the question of what variables will affect the issuance of a mandatory injunction to enforce a restrictive covenant. None of the considerations favoring defendants referred to in that case are found in the instant case. Defendants had ample notice of the violation in time to comply with the covenant. I believe that they decided to preceed on the theory that if they were compelled to remove it, the work entailed a cost not in excess of $300.
For the reasons given, I find that defendants have violated the restrictive covenant without reasonable cause or excuse and, accordingly, a mandatory injunction will issue *270 directing them to remove the protruding portion of the porch withhin 30 days of the date that judgment is entered.
Plaintiffs' counsel is directed to submit a form of judgment pursuant to the rules, and include therein a direction that costs shall go to plaintiffs.