## MARY A. CORNISH

*v.*

## PETER WIESSMAN.

[Filed August 27th, 1896.]

1. The use of a portion only of a building for a meat and vegetable store is a violation of the provision of the deed of the lot that the premises are to be used for "dwelling purposes only."

2. The provision in a deed of part of a tract in a residence portion of a city that the premises are to be used for dwelling purposes only will be enforced against one purchasing from the grantee with notice thereof, unless it is made clear beyond the possibility of a doubt that the remainder of the tract will not be damaged by its violation.

Heard on bill, answer, replication and proofs taken orally.

*Mr. Edward Oakes,* for the complainant.

*Mr. John R. Hardin,* for the defendant.

EMERY, V. C.

The object of this bill is to enforce certain restrictions in relation to the use of land which was conveyed by complainant, Mrs. Cornish, to defendant's grantor, one James R. Schmidt. The deed from complainant to Schmidt conveyed a lot of land in Bloomfield, Essex county, fifty feet front on Broad street by one hundred and fifty feet deep, the conveyance containing the following clause at the end of the description : " The above

Cornish v. Wiessman.

premises to be used for dwelling-house purposes only, with the necessary barn and outbuildings." This deed was dated September 20th, 1895, and recorded September 25th, 1895. On October 3d, 1895, James R. Schmidt and wife, for an expressed consideration of $1, and by deed of bargain and sale, conveyed the premises in question to the defendant, Wiessman. In this deed the restrictive clause was omitted. Wiessman has put up a building on the premises, and the front part of the first floor of the building (being all of the front except a hallway) he uses for the purpose of a meat and vegetable market. The upper part of the building and the rear of the first story are used for the purposes of a dwelling by the defendant. A porch with a wooden awning or roof and supported by small pillars near the curb line, extends across the whole width of the building over the first story and across the sidewalk. This porch is sometimes used for displaying or storing the meats. On receiving information of defendant's intention to use part of the building for this purpose, and before its erection, complainant filed her bill to restrain the use of the premises in violation of the restriction, and upon filing the bill applied for a preliminary injunction but this was denied and the rights of the parties reserved to be determined on final hearing. Pending the hearing, defendant, at his risk, proceeded with the erection of the building according to his plans, and is now carrying on a meat and vegetable market on the first floor of the building, and claims the right to do so, notwithstanding the restriction in the deed to Schmidt, his grantor. It is not claimed that he is not chargeable with notice of the restriction in Schmidt's deed, for it is conceded that under the doctrine settled in *Brewer* v. *Marshall, 4 C. E. Gr. 537*, and *Hayes* v. *Waverly, &c., Railroad Co., 6 Dick. Ch. Rep. 345, 349*, the defendant is chargeable with constructive notice of the restriction in the Schmidt deed, which was one of his muniments of title. Upon the question of notice, moreover, I am satisfied, from the evidence in this case, that the defendant, before taking his deed from Schmidt, had actual notice of this restriction in Schmidt's own deed.

The general rule in this state in relation to the enforcement

of restrictions of this character is thus stated by Chancellor McGill in *Hayes* v. *Waverly, &c., Railroad Co., supra* (at *p. 348*) : " It is settled by adjudication in this state, as a general rule, that where a grantor, retaining a portion of the land out of which the grant is made, enters into an express written understanding with his grantee, whatever may be its form, whether covenant, condition, reservation or exception, which restricts the enjoyment of the portion of the land which is conveyed in order to benefit the portion retained, and the restriction is reasonable and consonant with public policy, whether it runs with the land and is binding at law or not, it will be enforced in equity against the grantee and anyone subsequently acquiring title to the land with notice of it, at the instance of the grantor or subsequent owner or owners of parts of the remaining land, when its violation results in material detriment to the portion of the remaining land which the complainant in the suit holds."

The lot sold to Schmidt was part of a tract containing over three acres, owned by the complainant. Complainant's residence was near the centre of the tract, and the whole tract is situated in the residential part of the town of Bloomfield, and is well adapted for residence purposes. There were but few places of business of any kind in the neighborhood, and the restriction was one which, in view of the situation of the remaining tract, was within the right of the complainant to impose as a reasonable restriction, so that the sole question now is whether she is entitled to have it specifically enforced against the defendant, who purchased with notice.

The defendant's counsel opposes the relief prayed for, on two grounds—first and mainly because, as he asserts, the building is, in fact, defendant's dwelling-house, and the use of a portion of it as a meat and vegetable store does not violate the covenant. Counsel insists that the house still continues to be a dwelling-house, although a portion may be used for a store or market, and treats the case as if the question under the covenant was whether this building may still be considered as legally a dwelling-house, although some portion of it is used for a store or market. Even if the question arose in this shape, I should be

Cornish v. Wiessman.

inclined to say that, considering the object of the restriction, the building, part of which is occupied as a store, could not be called a dwelling-house only. One plain object of such a covenant is to distinguish between the use for dwelling-house or residence and the use for purposes of trade. But the covenant in this case reaches directly to the use of the building or any part of it. It is that the premises are to be used for "dwelling-house purposes only." As it seems to me, it is impossible to say that a "store" or "market" use or purpose is a dwelling-house purpose. The whole of the premises (which will include the whole of any building on the premises) must, under the form of this covenant, be used only for dwelling-house purposes or barn and outbuildings, and, I think, the use of any portion of the building for the purposes of the trade defendant carries on is a clear violation of the covenant. In the next place, it is urged that complainant has not shown any damage, or at least any material damage, from the violation of the covenant, and the court of equity, therefore, will not interfere. And I am asked to determine the question of her injury, as matter of fact, upon all the evidence, and especially to decide whether the complainant, with the defendant's meat store where it is, is not better off than before he opened it and when he carried on his business on the opposite side of the street.

The complainant proves by some witnesses that, in their opinion, her remaining property will be damaged for residential purposes by the continuance of defendant's market, and I think their judgment is well founded.

The case is certainly one in which the fact that there is no damage is not so clear that it can be said to be free from all possibility of doubt. The rule to be applied, therefore, is the one stated in *Kerr Inj. p. 532*, and applied by Chancellor Zabriskie in *Kirkpatrick* v. *Peshine, 9 C. E. Gr. 206 (1873)*, where a bay window projected over the building line and it was urged that no damage was done.

"There may be cases in which the damage to arise from the breach of the covenant would be inappreciable and in which the court would refuse to interfere. But the case must be free

Cornish *v.* Wiessman.

frqm all possibility of doubt. It must be clear that there is no appreciable, or at all events no substantial, damage before the court will, upon the ground of smallness of damage, withhold its hand from enforcing the execution. The mere fact that a breach of the covenant is intended is a sufficient ground for the interference of the court by injunction. A covenantee has the right to have the actual enjoyment of the property, *modo et forma,* as stipulated for by him. It is no answer to say that the act complained of will inflict no injury on him or will be even beneficial to him. It is for the plaintiff to judge whether the agreement shall be kept, as far as he is concerned, or whether he shall permit it to be violated. It is not necessary that he should show that any damage has been done. It being established that the acts of the defendant are a violation of the contract, the court will protect the complainant in the enjoyment of the right he has purchased."

The right to enforce building restrictions, and restrictions upon the use of property, is now so clearly settled and so generally recognized, especially as to urban and suburban property, that the whole system of such restrictions would be put in jeopardy if the right to enforce them depended upon the decision of the court in each case as to the amount of damage or injury. A purchaser deliberately and intentionally disregarding the restriction should make it clear "beyond the possibility of doubt" that the complainant cannot be damaged. This has not been done here, and the defendant, having proceeded at his peril with the erection, after notice of complainant's rights and her intention to enforce them, must bear the penalty.

An injunction will be advised restraining the use of the premises or any part of the building thereon for the purpose of his market and from the use of the building except for dwelling-house purposes only.

Complainant is entitled to costs.