BERGEN TURNPIKE COMPANY, LESSOR, ET AL., PROSE-
CUTORS, v. TOWNSHIP OF NORTH BERGEN ET AL.,
RESPONDENTS.

Submitted November 10, 1920—Decided November 24, 1920.

1. The Bergen Turnpike Company, in the year 1918, had no prop-
   erty of any value in the township of North Bergen which was
   subject to be taxed. For the facts, which lead to this result, see
   the body of the opinion.
2. An easement may be lost by non-user in twenty years, and even
   in less time if it is affected by positive acts of invasion; a fran-
   chise may be lost in the same way, non-user being one of the
   common grounds assigned as a cause of forfeiture. An ease-
   ment may be abandoned by an act evidencing an intention to do
   so. Abandonment is made up of two elements—act and inten-
   tion.

On *certiorari.*

Before Justices SWAYZE, PARKER and BLACK.

For the prosecutors, *Frank Bergen* and *Edward A. Arm-
strong.*

For the respondents, *Francis H. McCauley.*

The opinion of the court was delivered by

BLACK, J. The writ of *certiorari* in this case draws under
review an assessment for taxes of $61,450 made by the as-
sessor of North Bergen township. in the county of Hudson,
against the Bergen Turnpike Company for the year 1918.
The assessment was confirmed by the state board of taxes and
assessment. The allegation of the prosecutor is, that it has
no property of any value in the township which is subject to
be taxed. The record shows the Bergen Turnpike Company
was incorporated by an act of the legislature in 1802. *Pamph.
L., p.* 172. That act authorized the company to maintain a
turnpike road, for the use of which it might charge tolls
thereon from Hackensack to Hoboken, in the county of Ber-

gen. When the county of Hudson was created, in 1840, a portion of the turnpike road was within Hudson county. Several supplements have been passed to the original act. *Pamph. L.* 1858, *p.* 213, authorizes and empowers the company to lay down upon its road, or any part thereof, such track or tracks of iron rails as it may deem necessary. *Pamph. L.* 1869, *p.* 610, authorizes the company to transfer and convey a part of the turnpike road; *p.* 1307, the company may sell and convey or surrender all or any part of the road not already disposed of. *Pamph. L.* 1875, *p.* 54, it may lay tracks in Hackensack, &c. The record further shows that it is no longer in fact a turnpike or toll road. On November 1st, 1915, that portion lying within the county of Bergen was conveyed to the board of chosen freeholders of that county under the statute. That part thereby became a free public road. The portion in Hudson county was abandoned for the collection of tolls more than twenty-five years ago. Since the abandonment no revenue has been derived from the road. The act of abandonment as a toll road, by the turnpike company, has been such that it could not, if it would, restore the toll house and collect tolls legally, even if it were possible physically. No gates could be erected, so as to make the collection of tolls either possible or effective, on account of the construction of cross streets and highways in the township. The attorneys, on behalf of the prosecutors, by a writing filed with the clerk of this court, disclaim any rights by reason of the authority granted to lay down upon its road iron rails under *Pamph. L.* 1858, *p.* 213, nothing ever having been done under that supplement to the charter. One of the prosecutors, the Public Service Railway Company, operates thereon a street railway. It is taxed the same as on other highways. It pays the state franchise tax to the township. The road is in all respects the same as any other highway. The turnpike road is treated and used by the public at large and by the public authorities as a public road.

The proofs further show that the turnpike road has no value as property to the turnpike company; one portion has already been conveyed away under the statute, and the com-

pany by sworn witnesses says it is ready to convey the part in Hudson county to the freeholders of that county without consideration. The Supreme Court of the United States, in the case of *Given* v. *Wright,* 117 *U. S.* 648, said: An easement may be lost by non-user in twenty years, and even in a less time if it is affected by positive acts of invasion; a franchise may be lost in the same way, non-user being one of the common grounds assigned as a cause of forfeiture. An easement may be abandoned by an act evidencing an intention to do so. 14 *Cyc.* 1186; 19 *Corp. Jur.* 941; 1 *R. C. L.* 4. Abandonment is made up of two elements—act and intention. 1 *Corp. Jur.* 6. The complete discontinuance of the collection of tolls is some evidence of a surrender of the road, as a toll road, and the use by the public thereby makes it a public road in fact. This court held, in reference to this road, that in 1896 there was no statutory authority that authorized the assessor of a municipality to tax the section of a turnpike road within the municipality as so much real estate. *Bergen County Turnpike Co.* v. *Haas,* 61 *N. J. L.* 174. The Court of Errors and Appeals held the interest in the soil of a highway over which a trolley passes could not be taxed by the local assessors (*Mayor, &c., of Newark* v. *State Board of Taxation,* 67 *Id.* 246; reversing 66 *Id.* 466), so, the act—*Pamph. L.* 1918, *p.* 852, ¶ 203 (14)—which is not applicable to this assessment, provides for an exemption from taxation "the turnpike road of any turnpike company used by the public without the payment of tolls." Our conclusion is, the prosecutors' point is well made; the turnpike company had no property of any value in the township of North Bergen for the year 1918 which was subject to taxation. The assessment brought up by this writ is set aside and the tax is canceled.