CATHARINE SCHULZ et al.

*v.*

LOUIS GARIBALDI et al.

[Decided February 15th, 1921.]

Where a doubtful title to real estate is involved, this court will not compel specific performance of a contract to convey it; such doubtful title must be settled in a court of law, and the bill filed for specific performance in this court will be held until the question of title is determined in the law courts.

On motion to strike out answer to bill for specific performance of contract to convey real estate.

*Messrs. Gaede & Gaede,* for the complainants.

*Mr. William H. Bradley,* for the defendants.

LEWIS, V. C.

The facts are these: The premises in question were conveyed to Ahrend H. Von Seggern and Sophie Von Seggern, his wife, by deed bearing date September 28th, 1887; the grantees thereby, under the law of this state, taking an estate by the entirety.

By deed dated April 10th, 1899, the husband, Ahrend H. Von Seggern, conveyed to John H. Grouts "all the undivided one-half title and interest in all tract or parcel of land and premises hereinafter particularly described," &c.

The wife, Sophie Von Seggern, did not join in this deed, nor does it appear that she expressly assented to the conveyance, but it is admitted by complainants herein that the conveyance was made with her knowledge.

On the same date, and at the same time, Grouts reconveyed to the wife, Sophie Von Seggern, using the same language as above quoted.

The wife, Sophie Von Seggern, died testate March 22d, 1901, leaving her husband, Ahrend H. Von Seggern, and their children, Catharine Schulz, Jeannette Grouts and Sophie Breckwolt, surviving.

The husband, Ahrend H. Von Seggern, died September 10th, 1907, intestate, leaving as his only heirs-at-law the three children above named.

In and by her will, the wife, Sophie Von Seggern, devised all the real estate that she owned at the time of her death to her three children aforesaid, for life, and after their death to her grandchildren.

On October 1st, 1920, complainants, of whom two are Catharine Schulz and Jeannette Grouts aforesaid, entered into a written agreement with the defendants to sell "all their undivided

two-thirds interest" in and to the premises mentioned and described in the bill.

Defendants refused to take under the agreement, asserting that said complainants have not a good and marketable title to the interest in said premises which they agreed to convey.

Three questions arise on the motion to strike out answer:

*First.* Can an estate by the entirety be extinguished by the husband conveying to the wife, through a third party conduit, without the wife joining in the deed, so as to vest in the wife the entire estate, and divest the husband of his estate and right of survivorship?

*Second.* Can such a result be so accomplished without the wife's joining in the deed, but done with her knowledge, and, presumably, with her assent?

*Third.* Assuming that such a result could be so accomplished was it effectively accomplished in the present instance by the deeds which conveyed simply "all the undivided one-half title and interest" aforementioned?

Defendants contend that by means of the conveyances aforesaid, the wife, Sophie Von Seggern, became seized in fee of the entire estate in the premises involved; and that, by the terms of her will, complainants are vested with a life estate only in their interest therein, and hence, cannot convey the fee under the agreement of sale.

The complainants contend that the husband, Ahrend H. Von Seggern, did not divest himself of his estate, and particularly his right of survivorship, by the conveyances mentioned, and that, upon the death of the wife during his lifetime, the fee vested in him by right of survivorship; and hence, that upon his death the fee descended to his heirs-at-law, who are now effectively seized of the premises in question in fee, and have the power and right to convey their interest in the same under the terms of the agreement aforesaid.

I am inclined at this time to hold that the conveyances mentioned, together with the knowledge and presumed assent of the wife thereto, operated to vest in the wife the fee to the premises in question; and that the husband's right of survivorship in the estate by the entirety was thereby extinguished.

It would follow that under the will of the wife, Sophie Von Seggern, the children took a life estate only. in the premises, and that, under the agreement of October, 1920, complainants cannot convey a good and marketable title for an undivided two-thirds interest in the premises described in the bill.

Defendants, therefore, should not be obliged to specifically perform under the agreement, and the answer should stand.

But the case presents another difficulty which, to my mind, is at this point insurmountable. A doubtful title to real estate is involved, and it seems to me that this question is one which properly should be determined in a court of law, for, even though this court should find in favor of the title in one party or the other, it would not be dispositive and conclusive upon ultimate parties.

The opinion of this court in this action in favor of the title either way will not cure its defects, if they exist; and I feel that I should no more compel the vendor to keep a doubtful title by the decree of this court, than that I should compel the vendee to so accept a title which other courts may consider invalid.

However much I may, myself, be convinced of its validity in one party or another, the question of title must be tried out in a court of law. Meantime, I will hold the bill.