ARLINGTON REALTY COMPANY, a corporation, complainant-respondent,

*v.*

DAVID H. KELLER, defendant-appellant.

[Submitted February 18th, 1929.   Decided October 14th, 1929.]

*Mr. Maurice Steiner* (*Mr. Wilbur A. Heisley*, of counsel), for the appellant.

*Mr. C. Herbert Walker*, for the respondent.

The opinion of the court was delivered by

TRENCHARD, J.

This is the appeal of the defendant below in an action brought to quiet title under the statute. *Comp. Stat. pp. 5399 et seq.*

Complainant alleges that it has ever since the recording of a certain deed, dated December 13th, 1919, been in the peaceful possession of the lands therein described, situated at the corner of Arlington avenue and William street, in East Orange, and has always claimed it owns the same.

Defendant, in his answer, denies this and alleges affirmatively that he has an interest in and to part of such lands, which interest was originally created by deed dated April 16th, 1892, made by one Condit and others to one Otis, and duly recorded, conveying premises known as 44 North Arlington avenue, including a right of way described therein as follows:

"Together with a right of way in, over and across a certain strip of land for the said party of the second part, her heirs and assigns and her and their servants and the tenants and occupants, from time to time of the premises above granted and any other person and persons for her and their benefit and advantage in common with the said party of the first part, their servants, and the tenants and occupants of his, her or their premises adjoin at all times freely, to pass and repass on foot or with animals, vehicles, loads or otherwise to and from between the premises hereby granted, and the highway or street known as William street, the said strip of land and right of way situate one hundred and sixty-seven feet southeasterly from Arlington avenue and being eight feet wide for a distance of sixty-seven feet from said William street, and five feet wide along the rear of the above-granted premises."

At the trial this deed was admitted in evidence as was also a duly recorded deed by Otis, dated April 11th, 1921, to Boston Realty Company, and also a duly recorded deed by the Boston Realty Company, dated May 2d, 1921, to David H. Keller, the defendant herein, both deeds conveying the same premises and both reciting the above-described right of way.

The vice-chancellor advised a decree for the complainant and the defendant appeals from the decree entered accordingly.

The decree was rested upon the sole ground that the de-

fendant had abandoned the right of way, and the legal propriety of that finding is alone urged in support of the decree.

We have not found any abandonment.

The learned vice-chancellor seems to have relied in part upon non-user for seven years.

We find no satisfactory proof of that. On the contrary we find undisputed evidence that the defendant and his servants occasionally used the right of way during such period.

But apart from that, the law is that where, as here, a right of way is created by deed, no duty is thereby cast upon the owner of the dominant estate thus created to make use thereof or enjoy the same as a condition to his right to retain his interest therein; for the mere non-user of the easement will not extinguish it. *Manning* v. *Port Reading Railroad Co., 54 N. J. Eq. 46; Dill* v. *Board of Education of Camden, 47 N. J. Eq. 421.*

Abandonment is a question of intention. To constitute an abandonment, the facts or circumstances must clearly indicate such an intention. Non-user is a fact in determining it, but though continued for years, is not conclusive evidence, in itself, of an abandonment of a right of way created by deed. Its weight must always depend upon the intention to be drawn from its duration, character and accompanying circumstances. *Raritan Water Power Co.* v. *Veghte, 21 N. J. Eq. 463.*

No doubt the court below relied upon the erection by the defendant of a fence near the line of the right of way at the foot of his lot. So we must inquire as to the character and location of the fence and the circumstances under which it was erected. The proofs disclose without substantial dispute that it was an "ordinary wire fence very easily removed;" that it varied a little but was about forty-five inches high; that it was wholly on the land of the defendant being from two and one-eighth to four inches from the line of the right of way. In his conclusions the vice-chancellor said that the fence was "across" the right of way. In this he certainly misconceived the evidence since it showed conclusively and

without dispute that it was entirely on the land of the defendant. The evidence further shows that it was built at the request of the defendant's tenant to protect a bed of flowers from trespassers; it shows that this right of way was the only means of access to the rear of defendant's property by vehicles.

Upon the whole case our conclusion is that the mere erection by the defendant of this ordinary wire fence, forty-five inches high, and easily removable, wholly on his own land and from two to four inches from the line of the right of way, done at the request of a tenant for the protection of a bed of flowers from trespassers, does not constitute an abandonment of the easement, even when considered in connection with the proof of only occasional use of the right of way.

The decree below will be reversed, with costs.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, KALISCH, BLACK, CAMPBELL, LLOYD, CASE, BODINE, WHITE, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, JJ. 15.