This is a suit to enforce an easement. Complainants and defendants own adjoining premises, having acquired their rights in 1923 from a common grantor, and each holding deeds containing identical provisions reading as follows:
"Together with a one-half part of the alleyway of the court or alley which lies between the premises hereby conveyed and the premises immediately adjoining on the west subject to a perpetual right of way over the same to all and every, the owners and occupants of the premises aforesaid, lying adjacent to and abutting on said court or alley as a means of ingress and egress on feet, by vehicle or otherwise. *Page 165 
"The intention being that the entire alleyway existing between both houses above referred to is to be used in common between the parties of the first part and the parties of the second part, their heirs and assigns as a means of ingress or egress to the rear of both of said premises."
There was a wooden fence extending part way along the boundary line. In 1937, defendants tore down the fence and installed a metal fence which was several feet longer than the wooden one and which completely blocks the entrance of a vehicle along the alleyway. The present suit is brought to remove this obstruction.
It is the contention of the defendants that complainants are not entitled to relief because of long continued failure to use the alleyway, which, it is claimed, amounts to an abandonment of the easement.
It is well settled, however, that mere non-user of an easement created by grant, as here, which is a period of less than twenty years, does not extinguish it. The leading case is Dill v.Board of Education of Camden, 47 N.J. Eq. 421, where the rule is laid down as follows:
"It is well settled that mere non-user for any length of time, no matter how long, will not destroy or extinguish an easement arising, as here, out of express grant, as distinguished from one arising out of long adverse user. In order to destroy the easement by non-user, there must, in addition, be some conduct on the part of the owner of the servient tenement adverse to, and defiant of, the easement, and the non-user must be the result of it. In short, it must amount to an acquiescence of twenty years in acts of the owner of the servient tenement, hostile to and intended to prevent it. This was held in substance in Horner v.Stillwell, 6 Vr. 307 (at pp. 313, 314); Johnston v. Hyde,6 Stew. Eq. 632 (at p. 642); and in Riehle v. Heulings, 11Stew. Eq. 20, by Chancellor Runyon, whose decree was affirmed by the Court of Errors and Appeals for the reasons given by him. He says (at p. 23): `A right of way cannot be released, abandoned, or surrendered by a mere parole agreement. The right in this case is the privilege of the use of a lane or passageway of twelve feet wide. It was granted in connection *Page 166 
with the conveyance of the lot — by the same deed — for use in connection with the lot, and for the convenience of the owners thereof; and the grant was to them, their heirs and assigns, forever. If the fact were that the land or passageway has not been used for the last twenty-seven years, except by express permission from the defendant or his father, it would not bar the complainant from a right to relief. The right in question exists by grant, and non-user alone will not forfeit or extinguish it.'"
This principle has been consistently upheld since ArlingtonRealty Co. v. Keller, 105 N.J. Eq. 196; Joachim v. Belfus,107 N.J. Eq. 240.
Therefore, the contention that complainants have been guilty of laches, even if shown, which is doubtful, would not bar recovery.
It seems from the testimony that complainants erected a concrete gutter for the purpose of carrying off rain water from their premises, which is, at least in part, in the alleyway. It is contended by defendants that this is such an obstruction to the use of the easement as constitutes an active abandonment by complainants. I do not consider that this is sound. At most, the concrete construction constitutes only a very slight obstacle to the passage of a vehicle, such as an automobile, down the alleyway.
A decree will be advised for the relief prayed for. *Page 167