28 N.J. Super. 351 (1953)
100 A.2d 705
PELLEGRINO A. ROSSI AND HELEN ROSSI, PLAINTIFFS,
v.
ANNA SIERCHIO AND DAN S. SIERCHIO, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided November 18, 1953.
*352 Mr. Emanuel S. Lowinger, attorney for plaintiffs.
Mr. David B. Geltzeiler, attorney for defendants.
SULLIVAN, J.S.C.
By deed dated July 13, 1945, plaintiff Pellegrino A. Rossi acquired title to premises 173-177 Ridge Street, Newark, New Jersey. Said deed also included an express easement of right-of-way over a certain part of defendant's land for the ingress and egress of vehicles to and from plaintiff's land, the rear of plaintiff's property being contiguous to the rear of defendant's property. Defendant acquired title to his land by deed dated December 18, 1944. Said deed expressly subjects the land to the aforementioned easement.
During the year 1947 plaintiff and defendant and their attorneys met and discussed the easement. The defendant claimed that it had been extinguished by acts of abandonment on the part of plaintiff. Nevertheless, an offer in a nominal amount was made by the defendant for a formal surrender of the easement. Nothing came of the meeting.
On or about July 1, 1950 the defendant began the construction of a four-car garage across the back of his property which, except for an opening or doorway for persons in the rear wall of said garage, effectively blocked off the plaintiff's *353 right of way. The garage was begun about July 1, 1950 and finished in December 1950. Plaintiff complained to defendant while the garage was going up and after it was completed, but did not consult an attorney until October 1952. Upon the attorney communicating with the defendant, the doorway in the rear wall of the garage was nailed up by the defendant so that the plaintiff thereafter was prevented from making any use whatever of his easement. The evidence, though conflicting, indicates that the plaintiff did not at any time use his easement to any extent. Certainly after July 1, 1950 it was impossible for vehicles to use it.
This suit was commenced January 1953 and seeks to require defendant to allow plaintiff the use of his right-of-way for vehicles. I find that the only way plaintiff's right-of-way can be reopened to him is by tearing down the entire garage. Plaintiff simply is not entitled to this drastic relief. He saw the garage being built directly across his right-of-way, and while he complained about it, he took no legal action to protect himself. He knew that the defendant, whether rightly or wrongly, was claiming that his easement no longer existed. In any event, by prompt action he could have prevented the defendant from going ahead with his plans. Instead, he stood by until the garage was finished and then waited more than two years before consulting a lawyer. Equity aids the vigilant, not those who sleep upon their rights. "It is bad faith for a party wronged to delay suit until the wrong cannot be righted without doing another wrong. Good conscience requires a party to do no act that will mislead another to his detriment, even though that other may have done him wrong." Gibson, Suits in Chancery (3rd ed.), § 49, page 63.
I find that plaintiff as owner of the dominant tenement has an easement of right-of-way for vehicles over defendant's property and that defendant, by constructing the garage as outlined above, has effectively blocked plaintiff's use of said right-of-way. Defendant's claim that the easement has been abandoned or extinguished has no substance to it. Abandonment of an easement created by deed must *354 be established by clear and unequivocal evidence of decisive and conclusive acts.
While plaintiff is entitled to relief, he is not entitled to a mandatory injunction of removal for the reasons heretofore stated, and to that extent his application will be denied. Defendant, however, will be required to reopen the doorway in the back of his garage so that the plaintiff may have access to the rear of his property over defendant's land.
The question of plaintiff's damages to date has not been raised by the pleadings nor has any proof been presented thereon.