30 N.J. Super. 575 (1954)
105 A.2d 687
PELLEGRINO A. ROSSI AND HELEN ROSSI, PLAINTIFFS-APPELLANTS AND CROSS-RESPONDENTS,
v.
ANNA SIERCHIO AND DAN S. SIERCHIO, DEFENDANTS-RESPONDENTS AND CROSS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued May 24, 1954.
Decided June 4, 1954.
*577 Before Judges CLAPP, SMALLEY and SCHETTINO.
Mr. Saul Tischler argued the cause for plaintiffs-appellants (Mr. Emanuel S. Lowinger, attorney).
Mr. George L. Sachs argued the cause for defendants-respondents (Mr. David B. Geltzeiler, attorney).
The opinion of the court was delivered by CLAPP, S.J.A.D.
The issues brought up by this appeal and cross-appeal are twofold: whether, as defendants contend, the right of way here has been lost through estoppel or abandonment; and if not, whether, as plaintiffs contend, a mandatory injunctive order should issue to compel the defendants to remove a four-car garage erected by defendants in 1950, obstructing the right of way. The court below sustained the easement, but denied the injunction. 28 N.J. Super. 351 (Ch. Div. 1953).
This right of way had been created by grant over 30 years ago; and defendants, taking title to the servient tenement in 1944, took expressly subject to it. By deed in 1945 plaintiff, Mr. Rossi, acquired the dominant tenement, the rear *578 abutting the rear of defendants' property; and in the deed, by express grant, there was conveyed to him this right of way
"for ingress and egress of motor vehicles to and from premises hereby conveyed."
On plaintiffs' property there is erected what had once been a large public garage, with an exit in the front to the street and another in the rear to the above-mentioned right of way across defendants' property. Mr. Rossi has made this garage a factory building.
The right to an easement may be lost either through estoppel, Johnston v. Hyde, 33 N.J. Eq. 632, 643 (E. & A. 1881); Andrews v. Cohen, 221 N.Y. 148, 116 N.E. 862 (Ct. App. 1917); Restatement of Property, § 505; 2 American Law Property, § 8.100; or through abandonment, even though there has been no estoppel or adverse user for 20 years. Raritan Water Power Co. v. Veghte, 21 N.J. Eq. 463, 480 (E. & A. 1869); Arlington Realty Co. v. Keller, 105 N.J. Eq. 196, 198 (E. & A. 1929); Nuzzi v. Corcione, 139 N.J. Eq. 339, 345 (Ch. 1947); Bergen Turnpike Co. v. North Bergen, 95 N.J.L. 369 (Sup. Ct. 1920); Restatement of Property, § 504; cf. Fairclough v. Baumgartner, 8 N.J. 187, 189 (1951); Horner v. Stillwell, 35 N.J.L. 307, 314 (Sup. Ct. 1871); 25 A.L.R.2d 1265, 1279.
To make out both an estoppel and an abandonment, defendants rely upon three circumstances. The first of these  that in 1946 a wall was constructed by plaintiffs within their factory, preventing vehicles from passing over the right of way through the factory and across plaintiffs' land  is a quite immaterial matter. Plaintiffs do not purport to have (assuming they could have  Niestat v. Equitable Security Co., 6 N.J. Super. 148, 152 (App. Div. 1950); Gayetty v. Bethune, 14 Mass. 49, 53 (Sup. Jud. Ct. 1817)) a right of way over their own land. Nor is there any sufficient proof indicating that the easement on defendants' property was used by plaintiffs as part of a throughway over both *579 properties, so that it might be said that the building of the wall either signified an intention to abandon the easement itself or would have led a reasonable man to believe it had been abandoned.
The second circumstance played up by defendants are words of the plaintiff, Mr. Rossi. Twice at conferences in 1947 he refused to release the easement when offered a nominal sum on defendants' behalf. An intermediary claims then to have said that in view of the breakdown of the conferences he himself  if he were in defendants' place  would build garages on the right of way. To which Mr. Rossi is supposed to have responded  and his words taken back to defendants  "Let him build, who cares?" This most casual response by Mr. Rossi, doubtless spoken in irritation and uttered three years before defendants built the garages, is of trifling consequence here. It seems to be relied upon, not as making out a parol abandonment (as to the inefficacy of mere words, see Riehle v. Heulings, 38 N.J. Eq. 20, 23 (Ch. 1884), affirmed at p. 652 (E. & A. 1884); Restatement of Property § 504c), but rather as adding significance to the third circumstance stated below, or as giving rise to an estoppel. To amount to an estoppel, the words should have been of such force as to lead a reasonable man to believe that Mr. Rossi had abandoned his right to the easement. Restatement of Property § 505d. But no reasonable man would suppose he had done that; his very refusal, at about the same time, to sell the easement makes this entirely clear.
The third circumstance relied upon is the failure of plaintiffs to complain strenuously while the garages were being built. Mr. Rossi did make complaints, the court below found; but in what words made, and with what force, the testimony is unrealistically vague. His words do not bear the imprint of truth. He asked  we have no doubt, though he denies the matter  that a doorway be left in the rear of defendants' garage, to provide him with a rear exit. And, accordingly, defendants tore down two rows of cement blocks then in place, in order to comply with his wishes. Not until two years later was a definitive complaint made on his behalf.
*580 To establish that the owner of an easement has abandoned it, there must be clear and convincing proof of either an intention on his part to abandon it forever or an asquiescence by him in some action taken by the owner of the servient tenement adverse to the easement. See Fairclough v. Baumgartner, 8 N.J. 187, 189 (1951), supra; Arlington Realty Co. v. Keller, 105 N.J. Eq. 196, 199 (E. & A. 1929); Nuzzi v. Corcione, 139 N.J. Eq. 339, 345 (Ch. 1947), supra; Freedman v. Lieberman, 2 N.J. Super. 537 (Ch. Div. 1949); Raritan Water Power Co. v. Veghte, 21 N.J. Eq. 463, 480 (E. & A. 1869), supra; McConnell v. American Bronze Powder Manufacturing Co., 41 N.J. Eq. 447 (Ch. 1886), affirmed 44 N.J. Eq. 603 (E. & A. 1888); 2 American Law of Property § 8.96, 8.97. The mere statement of these tests exposes the deficiencies of the proofs. Complaints by Mr. Rossi while the garage was going up and shortly after its completion  though the complaints were faint  entirely negate any claim that he had abandoned the easement or acquiesced in its obstruction.
The argument as to estoppel is quite as weak. For, no reasonable man, hearing these complaints, would be led to believe that Mr. Rossi had abandoned the right of way or acquiesced in the building of the garage upon it.
The more difficult question is, to employ the language of a former practice, whether a mandatory injunction should go. In this connection, it is to be noticed that to reopen the easement, it is necessary (so it was held below) to demolish the four-car garage built upon it by defendants in 1950 at a cost of $2,000 in materials, not to speak of labor. The question posed is, in our view, disposed of by a single circumstance, namely, that plaintiffs have, in the loss of the use of the easement, apparently suffered no damage whatever. The trial court found that Mr. Rossi did not "at any time * * * to any extent" make use of the easement. It may be observed, in passing, that the easement by its terms is for the use of "motor vehicles"; whether, by implication, a pedestrian may also use it, except incidentally to the use of a motor vehicle, is neither argued nor decided. 28 *581 C.J.S., Easements, § 87, p. 766; Restatement of Property, § 482-484.
That the damage to plaintiffs is negligible, is confirmed by several matters: by the faintness, already adverted to, of Mr. Rossi's complaints while the garage was being built and for some time subsequent; by his quite apparent retreat at one time from a complaining position to a request, please, to leave a rear doorway, as stated above; by plaintiffs' comparative inaction for two years after the garage was completed before consulting a lawyer; by their failure to prove damages in this case, though damages are demanded in the complaint and pretrial order; and by the fact that despite some inconvenience, deliveries of goods can, under the order below, be made, if desired, by motor vehicle over the easement and through the back door mentioned.
It may perhaps be that plaintiffs are now entitled to nominal damages, 28 C.J.S., Easements, § 114, p. 821, 19 C.J. 1005; that question was raised neither below, nor here. The question raised here is as to injunctive relief, and, as Chief Justice Beasley has made clear, where the gravamen of the complaint is an interference with a legal right, an injunction cannot issue unless the offense complained of would result in injurious consequences not reasonably compensable in damages. Ballantine v. Town of Harrison, 37 N.J. Eq. 560 (E. & A. 1883). An injunction is an extraordinary remedy, usually withheld in the absence of irreparable injury. Canda Realty Co. v. Borough of Carteret, 136 N.J. Eq. 550, 556 (Ch. 1945). However we do not reach the question as to irreparability; our concern is that apparently there is no injury. The Chief Justice spoke of preventive process, but the rule as to reparative process is no different.
The foundation of equitable relief is sometimes the prevention of a multiplicity of suits for damages, as Chief Justice Beasley said in Higgins v. Flemington Water Co., 36 N.J. Eq. 538, 545 (E. & A. 1883); but he limited relief there to a case where the damages are substantial. Where the damages are nominal, surely equity will not presume that *582 plaintiff will subject himself to the trouble and expense of repeated suits. The language of Higgins v. Flemington, supra, with respect to substantial damages, has been cited since. See Hennessy v. Carmony, 50 N.J. Eq. 616, 623 (Ch. 1892); Harper, Hollingsworth & Darby Co. v. Mountain Water Co., 65 N.J. Eq. 479, 490 (Ch. 1903); Rowland v. New York Stable Manure Co., 88 N.J. Eq. 168, 173, 174, 176 (Ch. 1917).
We should notice that it seems to be the law (we need not pass on it here) that in one class of cases  and there may be other classes of cases to like effect  injunctive relief may be awarded even though the plaintiff has not sustained substantial damage. We have reference to cases where there is a violation of covenant running with the land. Supplee v. Cohen, 80 N.J. Eq. 83 (Ch. 1912), affirmed 81 N.J. Eq. 500 (E. & A. 1913); Kirkpatrick v. Peshine, 24 N.J. Eq. 206, 216 (Ch. 1873); Cornish v. Wiessman, 56 N.J. Eq. 610 (Ch. 1898); Peer v. Wadsworth, 67 N.J. Eq. 191, 200 (Ch. 1904); Righter v. Winters, 68 N.J. Eq. 252 (Ch. 1904); Morrow v. Hasselman, 69 N.J. Eq. 612, 615 (Ch. 1905); and Goater v. Ely, 80 N.J. Eq. 40 (Ch. 1912). In such cases, it is said, relief is given unless the violation is so harmless as to be de minimis, Henderson v. Champion, 83 N.J. Eq. 554, 558 (Ch. 1914), or unless, beyond a possibility of a doubt, plaintiff cannot be damaged. Lignot v. Jaekle, 72 N.J. Eq. 233, 242 (Ch. 1906); Cornish v. Wiessman, 56 N.J. Eq. 610 (Ch. 1898), supra; Goater v. Ely, 80 N.J. Eq. 40 (Ch. 1912), supra. This, it is said, 43 C.J.S., Injunctions, § 87, p. 585, is a well-recognized exception to the general rule, possibly founded in part, 32 C.J. 208, on the principle that such covenants sometimes affect one's pleasure in the enjoyment of property, and relief in such a case should not be made conditional on the matter of provable damages. Besides the relief is one for the specific performance commonly of an obligation creating an equitable as well as a legal interest. Restatement of Property § 539.
We have taken the trouble to call attention to the authorities supporting this exception, because they are relied upon *583 in Cutrona v. Columbus' Theatre, 107 N.J. Eq. 281 (Ch. 1930), Rayhertz, etc., Corp. v. Fulton, etc., Co., 124 N.J. Eq. 121, 127 (Ch. 1938) and McCullough v. Hartpence, 141 N.J. Eq. 499 (Ch. 1948) (speaking also of irreparable damage). These last three cases are of a different sort and do not seem to be reconcilable with Chief Justice Beasley's rule. Further see 28 A.L.R.2d 679, 710.
One more matter should be noticed in connection with this rule denying injunctive relief when there is no injury. This is not a rule, it will be perceived, calling for a balancing of injuries; relief is not being refused on final hearing here on the ground that the injuries to the defendant in demolishing the garage would very greatly outweigh those to the plaintiff in letting it stand, a rule which is said to be properly restricted to applications pendente lite. Dill v. Board of Education of City of Camden, 47 N.J. Eq. 421, 439 (Ch. 1890); Hennessy v. Carmony, 50 N.J. Eq. 616 (Ch. 1892), supra; Rowland v. New York Stable Manure Co., 88 N.J. Eq. 168 (Ch. 1917), supra; Consolidated Safety Pin Co. v. Town of Montclair, 102 N.J. Eq. 128, 131 (Ch. 1928); Rayhertz, etc., Corp. v. Fulton, etc., Co., 124 N.J. Eq. 121, 127 (Ch. 1938), supra. However it may be noticed, in passing, that there are distinguished authorities in New Jersey to the contrary taking, what may be said to be, the more equitable position. Driver v. Smith, 89 N.J. Eq. 339, 355 (Ch. 1918); Canda Realty Co. v. Borough of Carteret, 136 N.J. Eq. 550, 557 (Ch. 1945), supra; Scuorzo v. Infantino, 104 N.J. Eq. 520, 523 (Ch. 1929); Marvel v. Jonah, 81 N.J. Eq. 369 (Ch. 1913); Simmons v. City of Paterson, 60 N.J. Eq. 385, 393 (E. & A. 1899); Erie R. Co. v. Delaware & W., etc., 21 N.J. Eq. 283, 292 (C.J. Beasley, Ch. 1871); Higbee & Riggs v. Camden & A.R. & Transp. Co., 20 N.J. Eq. 435, 440 (Ch. 1870). The authorities elsewhere generally accept the more equitable view, as indeed plaintiffs seem to concede, Restatement of Torts § 941, Restatement of Property § 563, 28 A.L.R.2d, at 699 et seq., although contradictory positions seem to have been taken in other jurisdictions as well as in New Jersey. With Gray v. Howell, 292 Mass. 400, 198 *584 N.E. 516, 517 (Sup. Jud. Ct. 1935) and Starkie v. Richmond, 155 Mass. 188, 195, 29 N.E. 770 (Sup. Jud. Ct. 1892), compare Westhampton Reservoir Recreation Corp. v. Hodder, 307 Mass. 288, 29 N.E.2d 913, 914 (Sup. Jud. Ct. 1940). With Kern v. Greensweig, 125 Pa. Super. 430, 190 A. 182, 185 (Super. Ct. 1937), compare Sullivan v. Jones & Laughlin Steel Co., 208 Pa. 540, 544, 57 A. 1065, 1071, 66 L.R.A. 712 (Sup. Ct. 1904). At all events, any rule calling for the measurement of relative hardships is no simple yardstick, of itself disposing of the problem. Restatement of Torts § 941.
Finally, plaintiffs argue that the denial of an injunction constitutes the taking of private property for private use in contravention of the Constitutions of this State and the United States. Beach v. Sterling Iron & Zinc Co., 54 N.J. Eq. 65, 79 (Ch. 1895), affirmed Sterling Iron & Zinc Co. v. Sparks Mfg. Co., 55 N.J. Eq. 824 (E. & A. 1896). The denial of an injunction here is the effectuation of equity, and not a condemnation of property. Restatement of Torts § 941d.
In view of these conclusions, we need not consider whether there was a duty on plaintiffs' part upon learning of the building of the garage, to take immediate legal proceedings to halt defendants' expenditures thereon. See Union County Trust Co. v. Goerke Co., 105 N.J. Eq. 190, 195 (E. & A. 1929); Bridgewater v. Ocean City R. Co., 62 N.J. Eq. 276, 292 (Ch. 1901), affirmed 63 N.J. Eq. 798 (E. & A. 1902); Schulz v. Garibaldi, 92 N.J. Eq. 320 (Ch. 1921); Lamonte v. Orlando, 97 N.J. Eq. 425 (Ch. 1925); but cf. Smith v. Spencer, 81 N.J. Eq. 389, 393 (Ch. 1913); Winslow v. Newcomb, 87 N.J. Eq. 480, 485 (Ch. 1917); White & Hess, Inc. v. Schwartzbacker, 110 N.J. Eq. 115, 116 (Ch. 1932).
Affirmed. No costs on appeal.