**Alvina E. CURUTCHET, Appellant (Plaintiff),**

v.

**Florence BORDARRAMPE and Guillaume Delgue, Appellees (Defendants).**

**Florence BORDARRAMPE and Guillaume Delgue, Appellants (Defendants),**

v.

**Alvina E. CURUTCHET, Appellee (Plaintiff).**

Nos. 86–48, 86–49.

Supreme Court of Wyoming.

Oct. 10, 1986.

Timothy S. Tarver, Sheridan, for Alvina E. Curutchet.

Hayden F. Heaphy, Jr., Burgess & Davis, Sheridan, for Florence Bordarrampe and Guillaume Delgue.

Before THOMAS, C.J., and BROWN, CARDINE, URBIGKIT and MACY, JJ.

THOMAS, Chief Justice.

The primary issue in this appeal is whether Alvina E. Curutchet, the owner of a servient estate subject to an appurtenant easement by prescription established by a judgment entered in 1976, may assert a claim of civil trespass against Florence Bordarrampe, the owner of the dominant estate, and Guillaume Delgue, the lessee of the dominant estate. There are corollary issues relating to the propriety of the summary judgment with respect to Curutchet's claim for damages for misuse of the easement and Bordarrampe's and Delgue's claims for damages for interference with the easement. These latter issues depend upon the propriety of the summary judgment entered by the district court enjoining Curutchet from interfering with the use of the easement by Bordarrampe and Delgue on the ground that the easement had been judicially established. We affirm the judgment of the district court with respect to the existence of the easement by prescription. As that court anticipated in its remarks from the bench, we conclude that the summary judgment must be reversed with respect to the several claims for damages because there are present genuine issues of material fact relating to those damages which must be determined by trial.

This dispute has been before this court previously, and the court's decision is reported in *Delgue v. Curutchet*, Wyo., 677 P.2d 208 (1984). About 19 months after the denial of Curutchet's petition for rehearing in that case, she filed a complaint in this case asserting that the "decision in the prior case was not binding on the parties because it was inconsistent, ambiguous and the product of compromise," and she sought a judgment for damages for trespass; for a declaration that Bordarrampe's and Delgue's use of the road constituted a trespass; and an injunction against future trespasses. Bordarrampe and Delgue then filed separate answers in which each of them incorporated a counterclaim for damages, punitive damages, costs and attorney's fees for interference with the use of the easement by Curutchet. The district court entered a summary judgment enjoining Curutchet from interfering with the use of the easement, as judicially established by Bordarrampe and Delgue, and also denying the respective claims of the parties for damages. Curutchet has appealed from that judgment by the district court. Bordarrampe and Delgue also have appealed because the judgment denied their claim for damages.

In her brief in this court Curutchet asserts the following issues to be resolved:

"1. Was it improper for the District Court to grant summary judgment to Defendants Bordarrampe and Delgue based on a judgment in another case when this Court has already ruled that the other judgment was invalid and directed the parties to institute new proceedings to determine their rights?

"2. Was it improper for the District Court to enter summary judgment with respect to Mrs. Curutchet's claim for damages since there are genuine issues of fact concerning that claim?

"3. Should injunctive relief have been granted where no injury would have been incurred by Defendants if they were not allowed to use the disputed road?"

In their joint brief Bordarrampe and Delgue state these issues:

"1. Was it proper for the District Court to grant Summary Judgment to Appellees Bordarrampe and Delgue on the Appellant's Complaint for trespass, where the Supreme Court had previously determined, in a case involving the same parties and the same issue, that Appellees were entitled to use of an appurtenant easement across Appellant's lands? In other words, is the Wyoming Supreme Court's decision in *Delgue v. Curutchet*, 677 P.2d 208 (1984) determinative of the claim of trespass raised by Appellant Curutchet's Complaint in District Court?

"2. There is no reasonable cause for appeal by Appellant Curutchet, and Appellees Delgue and Bordarrampe are entitled to attorney's fees and a penalty, pursuant to Rule 10.05, Wyoming Rules of Appellate Procedure.

"3. Was it proper for the District Court, on its own motion, to have granted Summary Judgment to Appellant on Appellees' counterclaim for damages and attorney's fees resulting from Appellant's interference with Appellees' use of the prescribed easement without giving Appellees the opportunity to present evidence to the Court?"

We will not reiterate all of the facts encompassed in the prior decision, *Delgue v. Curutchet,* supra. Suffice it to say that Curutchet and Bordarrampe, together with her husband who has died, were and are neighboring landowners. Prior to 1974, for access to their land from a county road, the Bordarrampes had used a road crossing the Curutchet lands. That road also had been used by Dean Smith who had leased the Bordarrampes' property. A dispute arose, and Curutchet sought to prevent the use of the road by the Bordarrampes and Smith. The Bordarrampes and Smith then brought an action seeking to establish a prescriptive easement in their favor with respect to the road across Curutchet's property.

That dispute was resolved in 1976. In pertinent part the court's judgment recited:

" 'IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Plaintiff, FLORENCE BORDARRAMPE, her successors in title and assigns, and employees, suppliers, social guests, truckers, and drovers of livestock belonging to the Plaintiff or her successors and assigns, but not lessees shall, and do hereby have, a permanent and perpetual easement across the lands of the Defendant, Alvina E. Curutchet, for general ranch and social purposes, the approximate width of a motor vehicle along the center line as described as follows * * *.' " *Delgue v. Curutchet,* supra, 677 P.2d at 211.

No appeal was taken by any of the parties from that judgment. It thus became a final resolution of the rights of the parties unless correctable in some appropriate way.

Delgue leased the Bordarrampe ranch after Smith's lease expired. He began to use the road in question, and Curutchet blocked the road. She then brought an action against Delgue in which she sought an injunction restraining him from using the road and for compensatory and exemplary damages. Delgue counterclaimed in his answer asserting his right to use the easement as a lessee of the Bordarrampe lands. In that case, the trial court concluded that Bordarrampe and Delgue were foreclosed from any attempt to establish Delgue's right to use the easement by the prior judgment. This court held in *Delgue v. Curutchet,* supra, that Delgue was not foreclosed by the prior judgment under the doctrine of res judicata or its related concept of collateral estoppel from pursuing the relief which he sought in his counterclaim. This court also held that the original judgment was erroneous because the attempt to foreclose use of the road by a lessee was inconsistent with the availability of the easement to any other person in lawful possession of the dominant estate. Our earlier opinion settled the right of Delgue to use this road.

Delgue also had presented a claim for damages, and upon reversal, this court remanded the case for further proceedings in accordance with the opinion. The district court professed not to understand what the supreme court thought needed to be done upon remand and simply ordered the parties to comply with its orders as modified by the supreme court. An appeal then was attempted from that order, and this court dismissed the appeal on the ground that it was not taken from a final order. The Order Dismissing Appeal reads in part:

"[T]he decision of this court in *Delgue v. Curutchet,* supra, determined that Guillaume Delgue was entitled to use a prescriptive easement previously adjudicated in favor of his lessor Florence Bordarrampe; the contrary judgment of the dis-

trict court was reversed as a matter of law; in the pleadings which previously had been filed in the district court Guillaume Delgue had asserted a counter-claim pursuant to which he sought, in addition to the establishment of his entitlement to use the easement, punitive damages for interference by Alvina E. Curutchet with the quiet and peaceful use of the right-of-way across her premises, actual damages for the wrongful, intentional and tortious interference by Alvina E. Curutchet with the road and its use, and his costs and expenses; none of these issues have been adjudicated by the district court, and in the absence of a withdrawal of such claims Guillaume Delgue is entitled to have those claims adjudicated; the completion of the litigation in these respects is what this court intended the district court should do upon remand; * * *."

Delgue did not prosecute his damage claims, and ultimately that case was dismissed.

In October of 1985, Curutchet then filed a complaint in the case which now is on appeal alleging that Delgue's and Bordarrampe's use of the easement was a trespass. Curutchet claimed the right to collateral attack upon the prior judgment establishing the easement by alleging that:

> "The Wyoming Supreme Court held that the decision in the prior case [in which the easement was established] was not binding on the parties because it was inconsistent, ambiguous and the product of compromise."

Curutchet also alleged that Delgue and Bordarrampe had caused damage to surrounding land by leaving the roadway described in the easement. Bordarrampe and Delgue in their respective answers asserted that their right to use the easement had been established by the prior litigation. They counterclaimed for actual and punitive damages, attorney's fees and costs based upon Curutchet's interference with their use of the easement.

After a hearing the district court entered an injunction which granted Bordarrampe and Delgue the right to use the easement as previously established. It granted summary judgment in favor of Bordarrampe and Delgue on the issue of damages for their trespass and also granted a summary judgment in favor of Curutchet for Delgue's and Bordarrampe's claims for damages for interference with the easement. All of the parties have appealed from that summary judgment.

■ In her appeal Curutchet maintains her position that this court held the prior judgment was not binding upon the parties. She then asserts that there was no valid factual basis in the original litigation for granting a prescriptive appurtenant easement. Whatever the problems may have been with respect to the prior judgments, the doctrine of res judicata makes those judgments binding upon Delgue, Bordarrampe and Curutchet. We hold that the district court correctly ruled that it could not look behind those judgments to reconsider the right of Bordarrampe to the prescriptive easement nor Delgue's right to use it as lessee:

> "" * * * Res judicata can be described generally as that rule which precludes the presentation by parties or those in privity with them of the same claim that was resolved by an earlier judgment. * * (Citations omitted.)" *Delgue v. Curutchet*, supra, 677 P.2d at 214.

The summary judgment entered by the district court properly follows this rule.

■ Because the doctrine of res judicata is applicable in this instance, Curutchet's effort to collaterally attack the prior judgments depends upon a showing that the court lacked jurisdiction of the subject matter or of the parties. *Travis v. Travis Estate*, 79 Wyo. 329, 334 P.2d 508 (1959). In this appeal, Curutchet does not suggest in any way a lack of jurisdiction over the parties to the prior actions or the subject matter of those prior actions. Instead, Curutchet argues that because this court previously held that the original judgment was not binding upon Delgue in the second action, and the court suggested that Bordarrampe might have a remedy for correcting

the erroneous judgment, that it should not bind Curutchet under the doctrine of mutuality. She also argues that this result is appropriate in a case in which the form of judgment was erroneous and the result of a compromise. The effect of the appeal in *Delgue v. Curutchet,* supra, was to abrogate the erroneous aspect of the district court's original judgment. That does not result in a void judgment as Curutchet apparently chooses to argue. We hold that Curutchet is foreclosed from attacking the existence of the easement and Delgue's right to use it. Curutchet simply manifests confusion as to the effect of collateral estoppel as compared with res judicata.

■ Curutchet also contends that even conceding the existence of the easement the district court should not have enjoined her interference with Delgue and Bordarrampe's continued use of the easement. In making this argument she invokes the doctrine of comparative hardship. Analysis of the cases upon which Curutchet relies, in which that doctrine was applied, demonstrates that it has no applicability in this instance. In *Rossi v. Sierchio,* 30 N.J.Super. 575, 105 A.2d 687 (1954), the court refused to order the removal of a large garage when its existence was of little inconvenience to the holder of the easement. In *Lee v. Brown,* Wyo., 357 P.2d 1106 (1960), this court held that the maintenance and operation of an irrigation ditch should not have been enjoined in an instance in which there existed at most a mere possibility of harm from the continued irrigation operation and the irrigation was essential to the ability of the irrigator to make a living. We need go no further in refuting this argument. The hardships Curutchet alleged, such as the possibility of gates being left unlocked and possible damage to pasture, are relatively minor; they may be compensated by the award of damages; and they certainly do not constitute any basis for invoking the doctrine of comparative hardship.

With respect to Curutchet's claim against Delgue and Bordarrampe for trespass arising out of the use of the easement, there was no genuine issue as to any material fact. The only conflict was with respect to the legal conclusion which should be drawn from undisputed facts, and the summary judgment was appropriate. *Fugate v. Mayor and City Council of Town of City of Buffalo,* Wyo., 348 P.2d 76, 97 A.L.R.2d 243 (1959).

■ We note that the summary judgment entered in this case provides that snow may be removed from the road with respect to which the easement was granted without improving it. To the extent that the activity does not constitute an enlargement of the established easement, the holder of a prescriptive easement may go upon the servient estate to perform all acts reasonably necessary for the proper use and enjoyment of the easement so long as he does not impress a new or additional burden on the servient estate. 2 Thompson on Real Property, § 426 pp. 656–657 (1980). We perceive the intent of the trial judge with respect to this proviso in the summary judgment to be consistent with this rule and to not affect the adjudicated easement in any other way.

In his closing remarks from the bench the perceptive district judge said among other things:

"[T]hey [referring to the Supreme Court] probably will reverse this Court in part, at least, which is fine with me, so we can get the thing back here on the issues to be decided on so all of these parties can finally have a resolution."

We do indeed hold that as to the remaining claims in this case summary judgment was entered erroneously. Rule 56(c), W.R.C.P., provides:

"* * * The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. * * *"

The burden is on the party moving for summary judgment to demonstrate clearly that there is no genuine issue of material

fact, and in the absence of such a demonstration summary judgment should not be granted. *Greenough v. Prairie Dog Ranch, Inc.*, Wyo., 531 P.2d 499 (1975). Summary judgment is not appropriate if inquiry into the facts is necessary to clarify any application of the law. *Wyoming Insurance Department v. Sierra Life Insurance Company*, Wyo., 599 P.2d 1360 (1979).

■ In her complaint Curutchet also alleged that Delgue and Bordarrampe had, in the course of using the easement, left the roadway and damaged the surrounding pasture. The owner of the servient estate may recover damages if those using the easement exceed their rights under the easement. See cases cited in 25 Am.Jur.2d Easements and Licenses § 122, at 524–525 (1966). Curutchet submitted an affidavit which supported her claim for damages flowing from the alleged misuse of the easement by Delgue. In support of their motion for summary judgment on Curutchet's claims, neither Bordarrampe nor Delgue submitted any information which would demonstrate that there was no genuine issue of fact with respect to Curutchet's claim for damages for improper use of the easement. At the hearing held on the motions for summary judgment, counsel for Bordarrampe and Delgue acknowledged that "[I]f there are any damages in the nature of the use of that easement by virtue of its being outside of the easement that might be a legitimate subject for a hearing on the facts." Bordarrampe and Delgue did not establish that they were entitled to summary judgment on Curutchet's claim for damages on the record, and it should not have been granted.

■ It is equally clear that Curutchet was not entitled to a summary judgment on Delgue's and Bordarrampe's counterclaim for damages due to her alleged interference with their use of the easement. Curutchet argues here that this summary judgment was proper because there was no genuine issue with respect to any damage sustained by either Delgue or Bordarrampe. She offers in support of this contention the testimony of Bordarrampe and Delgue at the injunction hearing, which the parties stipulated could be a part of the record of the hearing on summary judgment.

With respect to Delgue's counterclaim, Curutchet refers to portions of Delgue's testimony which she argues demonstrate that each time she attempted to keep him off of the easement by locking the gates she failed. This is not a complete representation of Delgue's testimony, however. He also testified that he recently had been forced to take a different route to the Bordarrampe ranch to deliver corn to his livestock. Delgue took the alternate route because the road over the Curutchet land was snow covered, and he testified that it took longer and cost more to use it. Earlier Delgue had asked the county to plow the easement route, but before that could be accomplished, Curutchet requested the supervisor of the county employees to inspect documents relating to the earlier litigation. The supervisor, after visiting with Curutchet, directed the operators to clear a path for the feed truck to turn around and to then clear the alternate route. This refutes Curutchet's claim that Delgue admitted that her interference did not cause damages to him.

As to Bordarrampe's counterclaim for damages, Curutchet refers to Bordarrampe's testimony at the injunction hearing to the effect that she used an alternative route to reach her ranch after Curutchet had locked the gate over the easement road. We cannot discern how this testimony requires a conclusion that Bordarrampe suffered no damage as a result of Curutchet's interference.

Curutchet did not successfully assume her burden of showing that there was no genuine issue of fact with respect to Delgue's and Bordarrampe's claims for damages. As with Curutchet's claims for damage, summary judgment on these claims was improper as the record now stands.

■ Delgue and Bordarrampe also claim that because there is no reasonable cause for the appeal by Curutchet, the sanctions

provided in Rule 10.05, W.R.A.P., should be invoked. This court does impose those sanctions in appropriate cases. See, e.g., *Skurdal v. State ex rel. Stone,* Wyo., 708 P.2d 1241 (1985). We do not have any desire, however, to discourage legitimate appeals. Our reversal of the summary judgment in favor of Delgue and Bordarrampe on the claim for damages for improper use of the easement establishes that Curutchet did have a reasonable cause to appeal, at least with respect to that issue. Therefore, we will not impose sanctions pursuant to Rule 10.05, W.R.A.P.

We affirm the summary judgment in favor of Delgue and Bordarrampe with respect to Curutchet's claim for trespass because of the use of the appurtenant easement by prescription established in accordance with the prior litigation. The summary judgment in favor of Delgue and Bordarrampe on Curutchet's claim for damages for improper use of the easement and the summary judgment in favor of Curutchet on Delgue's and Bordarrampe's counterclaims for damages are reversed. The case is remanded for trial of the damage claims by the respective parties.